NOT FOR PRINTED PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| BURREL JONES | § | |
| --- | --- | --- |
| | § | CASE NO. 9:20-CV-63-RC-ZJH |
| v. | § | |
| | § | CAB |
| ALABAMA-COUSHATTA TRIBE | § | |
| OF TEXAS ET AL. | § | |
| | § | |

# ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. In his first Report and Recommendation, Judge Hawthorn recommended (Doc. #25) granting in part and denying in part defendants', Alabama-Coushatta Tribe of Texas and Naskila Gaming (collectively "the Tribe"), Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #18). After the Tribe raised a new argument in its objections to that Report, Judge Hawthorn ordered the Tribe to file a supplemental motion to dismiss, which it did. (Doc. #30). Judge Hawthorn then issued a second Report and Recommendation that recommends dismissing the case in its entirety. (Doc. #33).

The court has received and considered both Reports and Recommendations of Judge Hawthorn filed pursuant to such referral, along with the record and pleadings. The Tribe and Plaintiff Burrel Jones filed separate objections to the Magistrate Judge's first Report and Recommendation. (Doc. #26, Doc. #27). The Tribe's objections were later refiled as a supplemental motion to dismiss. (Doc. #30). Jones filed objections to the second Report and Recommendation. (Doc. #34). This requires a *de novo* review of the objections in relation to the

1

pleadings and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636. After careful consideration, the court concludes Jones's objections are without merit.

## I. BACKGROUND

The procedural and factual background is outlined in Judge Hawthorn's Reports. Rather than restating it, for the sake or brevity the court incorporates it for reference in this order.

## II. LEGAL STANDARD

The party invoking federal jurisdiction bears the burden to show standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). If a court cannot remedy a party's alleged injuries, there is no Article III case or controversy to support federal jurisdiction. *Id.* at 568–71. A federal court must dismiss a case for lack of subject-matter jurisdiction if it lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). To that end, "sovereign immunity is not merely a defense on the merits—it is jurisdictional in nature. If sovereign immunity exists, then the court lacks both personal and subject-matter jurisdiction to hear the case and must enter an order of dismissal." *de Sanchez v. Banco Cent. de Nicaragua*, 770 F.2d 1385, 1389 (5th Cir. 1985). Without an independent basis of federal subject-matter jurisdiction, a court cannot exercise supplemental jurisdiction over state-law claims. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221–22 (5th Cir. 2012).

## III. DISCUSSION[1]

Jones asserts a premises liability claim seeking damages for his injuries and a declaratory relief action seeking declarations that (1) the Restoration Act, or in the alternative, the provisions

---

[1] Because the Tribe's objections to the first Report and Recommendation were subsequently filed as a supplemental motion to dismiss that was the subject of the magistrate judge's second Report and Recommendation, which recommends dismissing the case in its entirety, the court will not address the Tribe's objections.

2

of it that grant the Tribe sovereign immunity, violates his right to petition under the First Amendment of the U.S. Constitution due to the lack of an active tribal court in which he can bring his premises liability claim and is therefore unconstitutional; and (2) that he is not barred by sovereign immunity from bringing his premises liability claim in federal or state court. (Doc. #12, at 11). Each claim will be discussed in turn.

### A. Premises Liability Claim

Jones's objections to the Reports do not raise any new arguments to support his claim that his premises liability claim is not barred by sovereign immunity. He instead continues to argue that this court should follow *Wilkes v. PCI Gaming Authority*, 287 So.3d 330, and hold that the Tribe's sovereign immunity is waived in the interests of justice. But as discussed in the first Report, the only court to cite *Wilkes* has declined to follow it. *See Oertwich v. Traditional Vill. of Togiak*, 413 F. Supp. 3d 963, 968 (D. Alaska 2019). The court agrees with the magistrate judge that "*Wilkes*, an Alabama Supreme Court decision that has never been cited by any circuit court, is not enough for this court to override both Fifth Circuit case law dismissing damages claims based on tribal sovereign immunity or the case law from other circuits upholding sovereign immunity for claims sounding in tort." (Doc. #25, at 6). Thus, this claim must be dismissed.

### B. Declaratory Relief Claims

#### a. Declaration One

The magistrate judge correctly held that "Jones's reliance on his First Amendment right to petition the government for a redress of grievances does not achieve a waiver of sovereign immunity" and that "[w]ithout a waiver or express abrogation by Congress, the Tribe retains its immunity and it cannot be forced to litigate Jones's claim." (Doc. #33, at 5). Instead of refuting this conclusion, Jones's objections merely reiterate that Indian tribes are generally not immune to

suits for declaratory relief. However, this court, like the magistrate judge, "does not disagree with Jones's assertion that in general, the Fifth Circuit recognizes an exception to sovereign immunity when the plaintiff asserts a declaratory judgment action. *See Comstock Oil & Gas Inc. v. Ala. & Coushatta Indian Tribes of Tex.*, 261 F.3d 567, 572 (5th Cir. 2001); *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 680 (5th Cir. 1999). But because there has been no waiver or exception to tribal immunity in the right to petition context, he cannot bring this specific claim for declaratory relief." (Doc. #33, at 6). Thus, this claim must be dismissed.

      b.  Declaration Two

Jones seeks a declaration that he is not barred by sovereign immunity from bringing his premises liability claim. But as discussed above, Jones cannot bring his premises liability claim in this court because the Tribe has not waived its sovereign immunity. Thus, the court cannot issue a declaration that he can bring his premises liability claim and this claim for declaratory relief must be dismissed.

Additionally, it appears from Jones's objections that he thinks the court is questioning its federal question subject matter jurisdiction over this case. To clarify, because Jones challenges the Restoration Act, a federal statute, and the First Amendment of the U.S. Constitution, the court agrees that it has federal question jurisdiction over this case. However, because sovereign immunity is also a jurisdictional issue, to avoid dismissal, Jones must show both that the court has federal question jurisdiction and that the relief he seeks is not barred by sovereign immunity. Because he has not done the latter, this case must be dismissed in its entirety.

## IV.  CONCLUSION

Having conducted a *de novo* review and considering the magistrate judge's recommendations as well as Plaintiff's objections, the court orders as follows. It is **ORDERED**

that Plaintiff's objections (Doc. #27, Doc. #34) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the Reports (Doc. #25, Doc. #33) of the magistrate judge are **ACCEPTED**.

The court therefore further **ORDERS** that the motions to dismiss (Doc. #18, Doc. #30) are **GRANTED**. This case is **DISMISSED** without prejudice. Accordingly, all remaining deadlines, trial settings, and pending motions are **TERMINATED**. This case is **CLOSED**, and this constitutes a final judgment for appeal purposes.

So ORDERED and SIGNED, Jan 13, 2021.

*[signature]*

Ron Clark
Senior Judge